UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Kevin Vladimir PERAZA MANCIA,

    Plaintiff,

vs.

Mike McCLEARY, District Director of
Boston District Office of U.S. Citizenship
and Immigration Services;

Alejandro MAYORKAS, Secretary of the U.S.
Department of Homeland Security;

Tracy RENAUD, Senior Official Performing the
Duties of the Director of U.S. Citizenship and
Immigration Services;

Monty WILKINSON,
in his official capacity as Attorney General of the
United States;

    Defendants.

Civil Action No: _____

Case No: _____

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND REVIEW OF AGENCY DECISION UNDER THE ADMINISTRATIVE PROCEDURES ACT

NOW COMES Plaintiff Kevin Vladimir Peraza Mancia ("Plaintiff" or "Mr. Peraza") and complains of the defendants as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this Action to challenge United States Citizen & Immigration Services (USCIS)'s alleged denial of his I-360 Petition for Amerasian, Widow(er), or Special Immigrant and I-485 Application for Adjustment of Status, filed on January 30, 2017. Defendant, United States Citizenship & Immigration Services (USCIS), has yet to issue a

Notice of Decision to the Plaintiff on the adjudication of his petition, but has claimed that the Petition was denied on July 9, 2018. Plaintiff seeks a declaration that Defendants' action violated the Administrative Procedures Act (APA) because its action was arbitrary and capricious. As a result of Defendants' improper acts, the Court should order Defendants to reopen and adjudicate Plaintiff's I-360 Petition and I-485 Application.

## JURISDICTION

2. This Court has jurisdiction under 28 U.S.C. §§ 1331 (federal jurisdiction question) and 2201 (action seeking a declaratory judgment).

3. The Administrative Procedures Act (APA) provides a cause of action and allows for a waiver of sovereign immunity. 5 U.S.C. § 702.

## STANDING

4. The APA provides the right of review for any individual "adversely affected or aggrieved by agency action." 5 U.S.C. § 702. Defendants' improper denial of Plaintiff's I-360 Petition has adversely affected his ability to obtain LPR status in the United States. Mr. Peraza thus falls within APA's standing provisions.

## VENUE

5. Venue lies in the District of Massachusetts because a substantial part of the events or omissions giving rise to the Plaintiff's claims occurred in Massachusetts. 28 U.S.C. §§ 1391(b), (e).

## PARTIES

6. Plaintiff is a native and citizen of El Salvador. He was born in Santa Ana, El Salvador on February 12, 1996. He first arrived in the United States on June 12, 2012 without admission or parole. He crossed the southern border through McAllen, Texas without

inspection. He has remained in the United States since his entry. Plaintiff filed an I-360 Petition for Amerasian, Widow(er), or Special Immigrant and an I-485 Application to Register Permanent Residence or Adjust Status on January 30, 2017.

7. Defendant Alejandro Mayorkas is the Secretary for the Department of Homeland Security ("DHS"), which is the cabinet department responsible for, among other things, administering and enforcing the nation's immigration laws. 6 U.S.C. § 251. He is also authorized to delegate such powers and authorities to subordinate employees of DHS, including, but not limited to, USCIS. He is sued in his official capacity.

8. Defendant Tracy Renaud is a Senior Official Performing the Duties of the Director of USCIS. She is charged with supervisory authority over all operations of USCIS. She is sued in her official capacity.

9. Defendant Mike McCleary is the District Director of USCIS's Boston District Office. He has the responsibility for the adjudication of immigration applications and petitions, such as the one filed by Ms. Joya. He is sued in his official capacity.

10. Defendant Monty Wilkinson is the Acting Attorney General of the United States, the head officer in the Department of Justice ("DOJ"). He is an official generally charged with supervisory authority over all operations of the DOJ under 28 C.F.R. § 0.5. This action is filed against him in his official capacity.

## FACTS

11. As stated, Plaintiff filed his Petition for Amerasian, Widow(er), or Special Immigrant Status on January 30, 2017. *See* Exhibit A, Receipt Notice for I-360 dated February 9, 2017; *See* Exhibit B, I-360 Petition for Amerasian, Widow(er), or Special Immigrant Status Submission.

12. On December 13, 2017, USCIS sent Mr. Peraza a Request for Evidence ("RFE"), stating that he needed to provide evidence of his age, such as "a timely registered birth certificate issued by the appropriate civil authorities, passport, government issued identification card showing name and date of birth, or secondary evidence such as a baptismal certificate or school records." *See* Exhibit C, Request for Evidence, dated December 13, 2017.

13. The RFE also requested evidence that the Order of Special Findings of Fact and Rulings of Law ("Order of Special Findings") from the Commonwealth of Massachusetts Probate and Family Court Department "was issued by a juvenile court with jurisdiction over your care and custody as a juvenile under the law of the Commonwealth of Massachusetts." *See* Exhibit C.

14. The RFE also required evidence that the Order of Special Findings was issued in accordance with relevant state law and "not just mirror or cite to immigration law and regulations." *See* Exhibit C.

15. USCIS also requested evidence to show that the factual basis that it would not be in Mr. Peraza's best interest to be returned to his or his parent's country of nationality or last habitual residence. *See* Exhibit C.

16. On February 21, 2018, undersigned counsel timely submitted a Response to the RFE with the following documents: (A) Copy of Birth Certificate and Passport with Translation; (B) Amended Order of Special Findings of Fact and Rulings of Law Nunc Pro Tunc to 01/20/2017; Copy of *Recinos v. Escobar*, 473 Mass. 743 (2016); and Copy of Applicant's Affidavit in Support of Motion for Special Findings of Fact and Rulings of Law. *See* Exhibit D, I-360 Request for Evidence Response, dated February 21, 2018.

17. On April 30, 2018, USCIS sent Mr. Peraza a Notice of Intent to Deny his I-360 Petition, claiming that because the Amended Order was dated February 21, 2018, and Mr. Peraza's birthday is February 12, 1996, he is over the age of majority and therefore no longer a juvenile. *See* Exhibit E, Notice of Intent to Deny, dated April 30, 2018.

18. On May 23, 2018, undersigned counsel responded to USCIS's Notice of Intent to Deny with a Brief on Eligibility for Special Immigrant Juveniles Who Are Between Ages of 18-21 and Live in Massachusetts. *See* Exhibit F, Response to Notice of Intent to Deny, dated May 23, 2018.

19. On November 12, 2018, undersigned counsel supplemented her response to the Notice of Intent to Deny with a summation of a change in Massachusetts law, M.G.L. c. 119 § 39M, and a copy of the statute. This new statute clarified that a child is "an unmarried person under the age of 21." *See* Exhibit G, Legal Update, dated November 12, 2018.

20. On July 15, 2020, undersigned counsel again submitted an I-485 Application to Register Permanent Residence or Adjust Status and Form I-765 Application for Employment Authorization based on the Pending I-360 Petition for Special Immigrant. *See* Exhibit H, I-485 Application to Register Permanent Residence or Adjust Status, dated July 15, 2020.

21. On February 16, 2021, USCIS sent a Notice of Decision denying Mr. Peraza's I-485 Application. The Notice states: "Your application was predicated upon Form I-360, Petition for Amerasian, Widow(er), or Special Immigrant, that was denied on July 9, 2018." *See* Exhibit I, Notice of Decision, dated February 16, 2021.

22. Mr. Peraza never received notice that his I-360 Petition was denied. In fact, the USCIS Case Status online tool indicates that the Application is still pending. *See* Exhibit J, USCIS Case Status Online.

## COUNT ONE
### (Violation of The Administrative Procedure Act)

23. Plaintiff repeats, alleges, and incorporates the foregoing paragraphs as if fully set forth herein.

24. Plaintiff has been aggrieved by agency action under the Administrative Procedure Act, 5 U.S.C. §§ 701 *et. seq.*

25. The documents that Plaintiff submitted to USCIS established his entitlement to petition for Special Immigrant Juvenile Status.

26. Defendants have failed to issue Plaintiff a Notice of Decision on his I-360 Petition, thereby denying him the right to Appeal an unfavorable decision.

27. Defendants acted arbitrarily, capriciously, and contrary to law in violation of the Administrative Procedures Act by failing to act on Mr. Peraza's I-360 Petition.

28. Mr. Peraza has exhausted all administrative remedies available to him as of right.

29. Mr. Peraza has no other recourse to judicial review other than by this action.

### PRAYER FOR RELIEF

Wherefore, the Plaintiff prays that this Court grant the following relief:

1. Order Defendants to issue a decision on Plaintiff's I-360 application;
2. Award attorneys' fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) and 5 U.S.C. § 504 if applicable; and,
3. Order any further relief this Court deems just and proper.

### OR, in the alternative:

1. Declare Defendants' denial of Plaintiff's I-360 application to be in violation of the Administrative Procedure Act and order USCIS to immediately reopen and adjudicate Plaintiff's I-360 Petition and I-485 Application to Adjust Status;

2. Award attorneys' fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) and 5 U.S.C. § 504 if applicable; and,

3. Order any further relief this Court deems just and proper.

Dated: February 24, 2021

Respectfully Submitted,

Rachel L. Rado, Esq. | BBO #: 682095
Attorney for the Plaintiff
Law Offices of Rachel L. Rado
100 State Street, 3rd Floor
Boston, MA 02109
Tel: 617-871-6030
Email: rachel@rachelradolaw.com